Hamilton, J.
The plaintiff below, Charlotte Heidotting, recovered a judgment against the plaintiff in error on a claim for personal services rendered Johan Albert Heidotting during the’ last years of his life.
The suit was brought against the executor of the estate of Johan Albert Heidotting, the said plaintiff declaring upon a contract both express and implied, and no election as to the kind of contract was requested or required.
The plaintiff below, the defendant in error herein, was the wife of said executor, defendant below, who was the son of Johan Albert Heidotting.
*14 For about two and one-half years prior to his death the said Johan Albert Heidotting was in failing health and afflicted with a cancer of the face; He was the owner of the residence wherein he resided, and upon the death of his wife he desired one of his sons, of whom there were two, with his family, to move in with him. One son, Joseph Heidotting, refused to move in with his father unless his father would first deed to him the said residence property. This the father did not do.- Thereupon the son Henry Heidotting, and his wife, the plaintiff below, and their children, then moved in with the father and lived in his residence until his death two and a half years, later, during which time the plaintiff below rendered services of the character alleged in her petition. The said father occupied a room on-the'second floor of- his residence, staying therein a part of the time, and receiving his meals there a part of the time, delivered to him by his daughter-in-law, and a part of the time taking his meals with the family. No restrictions were placed by either party upon the use of the whole or any part of the premises ‘by either the father or the son Henry and his family. No rent' was charged Henry by his father, and no board was charged his father by Henry. The father devised the said residence property to his ' said son Henry, who is now in possession of said premises.
The question is: -Did the ■ family relation exist between these parties? The evidence discloses that,the family relation existed, and brings the- case clearly within the rule laid down in the case of Hinkle et al., Exrs., v. Sage, 67 Ohio *15 St., 256, and as modified in Merrick v. Ditzler, 91 Ohio St., 256, requiring “clear and convincing” .proof of an express contract.
It therefore follows that to- enable the plaintiff to recover she must produce evidence to show a contract by “clear and convincing” proof. This we think the evidence fails to do. The only evidence, tending to show a contract is contained in expressions on the part of the father of gratitude towards his daughter-in-law for her care and kindness to him, and some expressions of an.intention to remember her in his will. This falls far short of being clear and convincing proof of an express contract to pay for the services as claimed.
The judgment of the common pleas court is reversed and the case remanded for a néw trial.

Judgment reversed, and cause remanded.

Jones, P. J., and Gorman, J., concur.